## FRANCIS HUTCHISON

*v.*

## RICHARD P. COLLINS.

NEGLIGENCE—*opening in sidewalk unprotected—contributory negligence.* A person engaged in the erection of a building in the city of Chicago caused an excavation to be made under the adjacent sidewalk, the opening into the excavation being some four feet in width and twelve feet long. The lower tier of planks of the sidewalk outside this area had been covered with a coat of tar, the area itself being covered with boards or planks running lengthwise with the sidewalk. There was no street lamp or light at the corner where the excavation was, but there were lamps on the opposite corners. There was no railing, fence or barricade around the opening. While the sidewalk was in this condition a passerby, in the night time, who was unacquainted with the condition of the walk, supposing the boards placed over the area were put there for persons to walk upon to avoid the tarred portion of the walk, stepped upon them, and, one of the boards breaking, he was precipitated into the vault below and injured: *Held,* there was such negligence on the part of the person making the excavation as to render him liable to the party injured, and no such negligence on the part of the latter, by reason of the deceptive appearance of the walk, as to preclude a recovery.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. ROBERT HERVEY, for the appellant.

Mr. WILLIAM BARGE, and Mr. SHERWOOD DIXON, for the appellee.

Mr. JUSTICE BAKER delivered the opinion of the Court:

This was an action on the case, brought by Collins, the appellee, against Hutchison, the appellant, and the city of Chicago, to recover damages for injuries claimed to have been sustained by appellee, by reason of the negligence of the appellant and the city. A trial before a jury resulted in a verdict in favor of the city, but against the appellant, for $600. A motion for a new trial was overruled by the circuit court, and a judgment rendered on the verdict.

On a careful examination of all the evidence to be found in this record, we find there is a serious conflict of testimony as to the condition in which the area opening was left on the night appellee was injured. If the statements sworn to by appellee and his two witnesses are true, then there can be no serious doubt that the area opening had been left insufficiently guarded. Appellant was constructing a building at the corner of Van Buren and Throop streets, in the city of Chicago, which building was, at the time of the accident, nearly completed. Excavations had been made under the sidewalks on both streets by him, for the purpose of being used for coal vaults and other purposes. The area opening led into these excavations, and was some four feet wide and twelve feet long; was on the Throop street side of the building; started at the line of Van Buren street and ran south. The workmen had that day been occupied in laying felt and a composition of pitch and resin as a covering over the lower tier of planks of the sidewalk, and, in this operation, of course, omitted the space occupied by the area opening, which it was intended should be covered by an iron grating. The premises were unoccupied, and there was no street lamp or light on that corner, but lamps on the corners across each street. On the night in question there was no railing, fence or barricade around this opening. There is no dispute as to these facts.

Appellee testified there were two boards lying lengthwise of the sidewalk on Throop street and that they came up to Van

Buren street; that they were close together and against the tarred sidewalk and about twelve or fifteen inches from the building; that he saw the space between the boards and the wall, but did not notice at the time he stepped on the boards there was a hole there; that the boards were about twelve inches wide and were laid over the opening, but he supposed, at the time, they were laid on the sidewalk, and that he only went a pace or two on the boards when the inner board, next to the building, broke and let him down into the hole.

John Gaffney testified, he stood on the corner that evening about half past seven or eight o'clock; he stood there five or ten minutes, and there was no covering over the hole, nothing but one or two planks; could not say whether they were over the hole or on the sidewalk, it was so close he could not tell which; the remainder of the space from the sidewalk to the building was uncovered; the boards were new and eight or ten inches wide, and about one inch thick, and he had his foot on one of the boards and teetered it.

John Shannon, who lived in the neighborhood, testified, he passed there that evening; he saw a few boards on the Throop street side over the opening, but it was always in a bad condition; it was never kept covered up; it was not in a very safe condition for passers by, and there used to be a few loose boards on it occasionally.

Opposed to this stands the testimony of appellant and of Jones and Murran, who were employed by him about the work. They all testify to the effect the opening in question was, between six and seven o'clock that evening, completely covered with new plank, two inches thick, laid lengthwise along the area opening and supported in the middle by a cross board properly secured.

It was for the jury to settle this conflict in the evidence. They had opportunities for judging of the truthfulness of the witnesses and weight of the testimony of which we are deprived. They saw the several witnesses face to face, and noted their demeanor on the stand, and saw and heard how they

stood the long and rigorous cross-examinations to which they were severally subjected.

When there is a conflict in the testimony, and the finding of the jury is not clearly against its weight, it is the rule of this court not to interfere with such finding. Moreover, taking all the evidence in the case together, we are wholly unable to arrive at any other reasonable or probable explanation of the fact appellee did fall into the area, except upon the hypothesis the opening was defectively covered, and that either a plank broke as stated by appellee, or that the teetering, spoken of by Gaffney, was occasioned by the fact the board had no secure footing on the Van Buren street edge of the opening, and gave way under the footsteps of appellee and precipitated him below. The evidence does not show that immediately after the accident there was no broken plank there, or that there was not a plank on its end down in the area.

There is only one other question involved in this record, and that also is a question of fact. Was the accident attributable to the want of due care on the part of appellee? Was he guilty of such a degree of contributory negligence as will preclude him from recovering damages for the injuries suffered? He was, on the evening of the injury, going from his place of business to deliver some goods to a customer. Being unacquainted in that locality he inquired as to the direction of the place he desired to reach, and was told to continue on Van Buren street to Throop street and then turn and go south to McAllister place.

He testified he went along Van Buren street until he got to Throop street; that when he got to the corner and noticed the sidewalk was covered with a coat of tar, and saw the boards, he concluded these boards were resting on a firm sidewalk, and that they were laid there to keep people expressly from walking on the tar, and that he only went a pace or two on the boards when one of them broke and let him down into the hole, breaking his arm and occasioning other injuries.

It seems, from the other evidence in the case, the composition spread on the sidewalk was really dry at the time of the accident, and people had been walking on it, and that it was of such a character that it dried in about fifteen minutes. But it also appeared, from the evidence of the appellant himself, boards were laid down that day on that very sidewalk until the tar would get hard, and that they laid there for probably half an hour for people to walk on, and were then taken off. And Schafer, a witness called on behalf of appellant, who laid the composition on this walk, said, in his testimony, "when we build felt walks like that, we usually lay a couple of planks across it while we are running the felt and mopping it; we leave a passage way right open." And Gaffney stated on his examination as a witness, that when he was at the corner, just prior to the accident, he supposed the boards were laid down to walk on. The manner in which these boards were laid, running lengthwise with the sidewalk and apparently resting thereon, without any barricade or other obstruction, or signal of any kind to indicate otherwise, combined with the appearance of the freshly laid tar and felt walk, all seem to point in the same direction. We can not hold, under the circumstances, appellee, in stepping on these boards, was guilty of such negligence as forfeits his right of recovery. He was misled to his injury by deceptive appearances prepared or permitted by appellant himself, (though innocently of course,) calculated to deceive any one not an expert in the matter of such walks.

The judgment of the circuit court must be affirmed.

*Judgment affirmed.*

Mr. JUSTICE DICKEY took no part in the decision of this case, having been of counsel for the city.